# Kasell Law Firm

July 13, 2026

***via CM/ECF***

The Honorable Gregory H. Woods
United States District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re:** *McGrath v. City of New York*, No. 26 Civ. 05466 (GHW)

Judge Woods:

I represent Plaintiff Robert McGrath and write in response to the City's letter of today's date (ECF No. 16), which asks the Court to hold the City's July 21, 2026, deadline to respond to the Complaint in abeyance until after the Court decides the pending motion for a preliminary injunction.

Plaintiff does not consent, and respectfully asks that the request be denied or, **in the alternative**, granted only on the condition that the City state, with its opposition to the preliminary-injunction motion, which of the material facts underlying the motion the City actually disputes.

The City has not shown good cause. A deadline may be extended before it expires only "for good cause." Fed. R. Civ. P. 6(b)(1)(A). Whether to grant that relief is committed to the Court's discretion, and it is the movant who must make the showing of cause. *See Alexander v. Saul,* 5 F.4th 139, 154 (2d Cir. 2021). And good cause, as this Circuit has explained in the scheduling context, "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

The City's letter offers no reason at all specific to the City: it does not claim burden, does not describe any diligence, and does not identify anything preventing it from answering by July 21 — a date that will arrive more than three weeks after Plaintiff first gave Corporation Counsel notice of the Complaint and the motion papers by email on June 28, 2026 — the day they were filed — with access to the complete filings. (The City declined Plaintiff's request that it waive service on June 30, 2026, and the Law Department confirmed receipt of service on July 8, 2026.)

1

# Kasell Law Firm

The letter's only stated ground is the pendency of the preliminary-injunction motion itself and "consistency" with the order the City obtained in the related *Uber* action (*see Uber* ECF No. 21). But the pendency of a motion that turns on the truth of the Complaint's allegations is a reason the City's response is more useful now, not less; and an order entered on a different record, between different parties, is not a substitute for the showing Rule 6(b) requires here.  Moreover, it bears noting that while the cases are related, they have not been coordinated or consolidated and the Court has set different hearing dates for each.

**The relief sought is an indefinite extension.** The City does not propose alternative dates, as this Court's Individual Rule 1(E)(5) requires; it asks that its obligation to respond be suspended until an unknowable future date — seven days of conferral after a ruling of no fixed date, followed by a proposed schedule. Nor does the letter state "the reason given by the adversary for refusing to consent," as Rule 1(E)(4) requires. Plaintiff's reason is set out below.

**The City's response will tell the Court where the material disputes are — before it decides the injunction.** The Court has ordered the City's opposition for July 17th, Plaintiff's reply a week later, and a hearing on July 27, 2026 (one day before Local Law 52 takes effect). Plaintiff's motion rests on the Complaint and the Declaration of Robert McGrath. Whether the July 27 hearing must take evidence, and what it must cover, depends on whether the essential facts are genuinely in dispute: an evidentiary hearing is generally required when they are, and the motion may be decided on the papers when they are not. *See Md. Cas. Co. v. Realty Advisory Bd. on Lab. Rels.*, 107 F.3d 979, 984 (2d Cir. 1997) ("Generally, the district court is not required to conduct an evidentiary hearing on a motion for a preliminary injunction when essential facts are not in dispute.").

Congress has likewise directed that the courts "shall expedite the consideration of" any "action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a). The City's admissions and denials are the ordinary (and now the only) vehicle by which the Court will learn which of those facts the City concedes and which it contests. The Court would be well-served by knowing, before July 27, whether the City disputes what Local Law 52 does, what the covered marks communicate, and what Mr. McGrath attests to — or whether its opposition is confined to the legal significance of facts it does not deny.

**The City has declined every alternative for identifying the disputed facts.** On July 8, 2026, Plaintiff proposed via email that the parties jointly present the Court with a shared statement of agreed material facts, identifying the facts on which they part ways.  This was a step Plaintiff suggested precisely because it "would obviate the need for an answer and perhaps assist the court." Corporation

2

# Kasell Law Firm

Counsel declined that same day, stating a preference "to keep the responses as they are now."

Having refused to identify the disputed facts by stipulation, the City now asks to be excused from identifying them by pleading. If the request is granted as framed, the Court will decide a preliminary injunction against the City without the City ever having stated, in any form, which of the facts underlying the motion it admits and which it denies.

**Alternative relief.** If the Court is nonetheless inclined to hold the responsive-pleading deadline in abeyance, as it did in the related actions, Plaintiff respectfully asks that the Court condition that relief on the City filing, with its July 17th opposition, a short statement identifying which of the material facts set forth in the Complaint and the McGrath Declaration it disputes. That condition costs the City nothing it should not already be doing in its opposition, and it preserves for the Court the one function of the answer that cannot wait until after the ruling.

Plaintiff is grateful for the Court's time and attention on this matter.

Respectfully submitted,
**Kasell Law Firm**

By: /s/ *David M. Kasell*
David M. Kasell
*Attorneys for Plaintiff Adam Catrini*
1038 Jackson Avenue, Suite #4
Long Island City, New York 11101
Office: (718) 404-6668
Email: david@kaselllawfirm.com

3