USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2026



**MEMORANDUM ENDORSED**

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Steven Banks**
*Corporation Counsel*

**Taylor Anvid**
phone: (212) 356-2196
email: tanvid@law.nyc.gov

July 24, 2026

**By ECF**
The Gregory H. Woods
United States District Judge
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Robert McGrath v. City of New York,* 26-cv-05466 (GHW)

Your Honor:

The parties in the above-entitled action submit this joint letter, as directed in the Court's July 22, 2026 order (ECF No. 21), to advise the Court of their respective positions on whether this Court should stay this action pending resolution of *Uber Technologies, Inc., et al., v. City of New York*, 26-cv-04893, and *Lyft, Inc. v. City of New York*, 26-cv-0493 (the "related actions").

Plaintiff's Position:

Plaintiff agrees with Defendants' position on how the case should proceed (although disagrees on the merits of Defendants' arguments).

Defendant's Position:

Defendant City of New York ("City") submits that this Court should not stay the instant matter. Instead, as this Court has already granted a preliminary injunction in the related actions,

temporarily enjoining enforcement of Local Law 52 of 2026 ("LL52"),[1] Plaintiff's overlapping request for a preliminary injunction herein should be denied as moot. As for Plaintiff's underlying Complaint, the City submits that it should be afforded the opportunity to seek immediate dismissal based on deficiencies highlighted in its filed opposition to the preliminary injunction motion. This includes the City's contention that Plaintiff lacks standing, which is a jurisdictional defect that should be addressed expeditiously. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992)("[S]tanding is to be determined as of the commencement of suit."). Further, were this Court to stay the instant action, it would be placing supposedly "related" cases challenging the same law on two different tracks, which runs the risk of forcing the City to defend LL52 over an extended period of time, relitigate issues, and/or engage in repetitive discovery. Such potential prejudice to the City should be avoided.

Thank you for your consideration of this submission.

Respectfully submitted,

Taylor Anvid
Assistant Corporation Counsel

David Kasell, Esq.
Attorney for Plaintiff

The Court has reviewed the parties' letter and will not stay this action at this time. In light of the preliminary injunction granted in the related actions, Plaintiff's motion for a preliminary injunction is denied as moot. The deadline for Defendant to answer or otherwise respond to the complaint or request a pre-motion conference in accordance with the Court's Individual Rules of Practice in Civil Cases is August 7, 2026. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 5.

SO ORDERED.

Dated: July 24, 2026
New York, New York

GREGORY H. WOODS
United States District Judge

---

[1] The Court's preliminary injunction decision was based solely on the Contracts Clause claims asserted by Uber and Lyft. This same claim is not asserted in the instant action.